**Roberto Carlos GODINEZ; Mirna Godinez, Petitioner**

v.

**Eric H. HOLDER, U.S. Attorney General, Respondent.**

**No. 08–60492**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

May 1, 2009.

Malvern Clopton Burnett, Law Office of Malvern C. Burnett, New Orleans, LA, for Petitioner.

Thomas Ward Hussey, Director, Anthony Cardozo Payne, Lance L. Jolley, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, Trey Lund, U.S. Immigration and Customs Enforcement Field Office Director, New Orleans, LA, for Respondent.

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM: [*]

Petitioners Roberto Carlos Godinez and Mirna Godinez seek review of a Board of Immigration Appeals (BIA) decision dismissing their appeal in which they challenged the Immigration Judge's denial of their requests for cancellation of removal, asylum, withholding of removal, protection under the Convention Against Torture (CAT), and voluntary departure. They

---

contend that the BIA erred in denying Roberto's asylum claim because he established a well-founded fear that if he were removed to El Salvador, he would be persecuted on the basis of his political opinion regarding the Farabundo Marti National Liberation Front.

The Godinezes do not challenge the BIA's ruling affirming the denial of withholding of removal, cancellation of removal, relief under the CAT, or voluntary departure. They have therefore abandoned these issues. *See Soadjede v. Ashcroft,* 324 F.3d 830, 833 (5th Cir.2003); *Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir.1987).

We review factual findings of the BIA for substantial evidence and may not reverse its factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). The petitioners have the burden of proving the compelling nature of the evidence. *Zhang v. Gonzales,* 432 F.3d 339, 344 (5th Cir.2005). The Godinezes have failed to establish that any reasonable adjudicator would be compelled to conclude that Roberto has a well-founded fear of persecution. *See* § 1252(b)(4)(B); *Efe v. Ashcroft,* 293 F.3d 899, 904 (5th Cir.2002).

PETITION FOR REVIEW DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.